UNITED STATES DISTRICT COURT
CONCORD, NEW HAMPSHIIRE

|  |  |
|---|---|
| BILIANA MIHAYLOVA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE COLLECTIVE STUDIOS, and )<br>ASHLEY IWANICKI )<br>)<br>Defendants. )<br>) | Case No. |

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Biliana Mihaylova hereby complains against defendant The Collective Studios ("Defendant" or "TCS") and Ashley Iwanicki (collectively "Defendants") as follows:

## PRELIMINARY STATEMENT

Plaintiff brings this action against Defendants based on their discrimination against Plaintiff due to her pregnancy and maternity leave after she refused to take her leave earlier than TCS demanded. This decision to take her medical leave later than TCS and its owner Ashley Iwanicki resulted in her wrongful termination on August 9, 2023, one day before her leave was to commence.

Although TCS claimed Ms. Mihaylova was terminated for performance based reasons, her performance records present a starkly different picture. She was a high performing employee with excellent performance reviews from her superiors, and she had always expressed enthusiasm in her professional growth and devotion to the company's success. None of this mattered as TCS terminated Ms. Mihaylova because she was pregnant and due for a long term maternity leave.

In further support of this Complaint, Ms. Dowery hereby states as follows:

## PARTIES

1.  Ms. Mihaylova is an individual residing in Concord, New Hampshire.

2.  Defendant TCS is a New Hampshire corporation with a place of business at 4 Orchard View Drive, Unit 7, Londonderry, NH 03053 and 7 Market Street, #3, Bedford, MA 03110.

3.  Defendant Ashley Iwanicki is CEO and TCS Founder and upon information and belief resides in the state of New Hampshire.

## JURISDICTION AND VENUE

4.  Plaintiff previously filed a Charge of Discrimination with the New Hampshire Commission for Human Rights ("NHCHR") on November 1, 2023, pursuant to NH Rev Stat § 354-A:21.

5.  Said filing was made concurrent with the Equal Employment Opportunity Commission.

6.  180 days has since passed since this filing and thus Plaintiff now files this Complaint with this Court and removes the above referenced matter with the NHCHR.

7.  The United States District Court District of Massachusetts is the appropriate venue for this case because it is the federal district court having jurisdiction over the place where Plaintiffs state court action is pending.

8.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's right to relief is contingent upon resolution of a substantial question of federal law.

9.  In accordance with 28 U.S.C. § 1331, "district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. In her Complaint, Plaintiff alleges violations by TCS of Title VII of the Civil Rights Code of the Civil Rights Act of 1962 which prohibits discrimination in employment on the basis of sex, including pregnancy.

## **FACTUAL ALLEGATIONS**

11. Ms. Mihaylova commenced her employment with TCS in December 2021 as an instructor.

12. Ms. Mihaylova reported to Ms. Iwanicki the owner of TCS.

13. Ms. Mihaylova received written evaluations from reviewers who attended her classes through a feedback form.

14. The feedback forms allowed the reviewer to evaluate Ms. Mihaylova on specific criteria, specifically "Presence," "Environment," "Class Structure/Sequence," "Cueing/Instructing," and "Miscellaneous."

15. In each case, the reviewer attended Ms. Mihaylova's class and evaluated Ms. Mihaylova on a scale of 1-5, with one indicating needing improvement and five indicating excellent.

16. In all of Ms. Mihaylova's reviews she received predominately fives indicating excellent and, less often, some fours.

17. Ms. Mihaylova never received less than a four in any of her reviews.

18. In each of Ms. Mihaylova's reviews, the comments were positive and provided constructive feedback to help make slight improvements to an overall excellent class.

19. In March 2022 Shana Chauvin (Senior Yoga Instructor) attended Ms. Mihaylova's Flow class at 7:00 AM and completed the feedback form. Ms. Chauvin indicated she liked the class theme and recommended Ms. Mihaylova "try sprinkling it through out class a

bit more. She further commented, "Good job on updating the yoga vocab" with regards to cueing and instructing, Ms. Chauvin's comments were, "...great job at demoing throughout class. You use breath well through out your flow …You were clear and easy to hear/follow in class…" "Good job creating an environment that feels at ease to your students…"Your sequence was creative and challenging. You can uplevel by smoothing it out to make it "flow" better …body could have been a bit more warmed up before adding in the balances."

20.     In June 2022 Ms. Chauvin reevaluated Ms. Mihaylova's Flow class after attending her 8:30 AM class. Ms. Chauvin's comments in the feedback form "I love that you enter class with a smile and confidence. It was great seeing you pop into class before it started to say hello to clients who were new to your class. With respect to sequencing, she said, "I enjoyed your sequence and did feel like it "flowed better" than the particular sequence you used for your last review class! With respect to theme she stated "You had a great mantra/theme, you can uplevel here by incorporating it a bit more throughout class."With respect to instructing/cueing she stared "Great job walking the room and doing demos when you knew it was needed. You do great with breath and cueing…" Ms. Chauvin recognized Ms. Mihaylova's growth by stating "Great job, Biliana! I enjoyed taking your flow class and love seeing your growth."

21.     In June 2022, Leah Heath, Senior Sculpt/Burn Instructor, attended Ms. Mihaylova's Sculpt class and provided the following feedback: "Great work Bili! So much growth in your class, especially in the sequencing + comfort level with your students and the environment."

22.     In June 2022, Leah Heath, Senior Sculpt/Burn Instructor, attended Ms. Mihaylova's Sculpt class and provided the following feedback: "Great work Bili! So much

4

growth in your class, especially in the sequencing + comfort level with your students and the environment."

23.     In October 2022, Ms. Iwanicki attended and reviewed Ms. Mihaylova's Cycle class. her comments stated "So many great improvements here. You're so much more authentic and personable to clients. Your energy has also picked up so much more, but it still feels real to you. You look great + confident riding."  With respect to sequence, she noted "Great job…your choreo was fun and dynamic… thought through and built on each other." With respect to cueing she stated "Awesome job!" "Super clean and clear cueing and direction during class" "perfect balance of talking and music" "good job using names + personal shout out." Ms. Iwanicki further stated in her feedback form "I want to let you know how proud + happy I am to finally see arrive at this place with your class. I'm looking forward to seeing your continued growth and in supporting you in doing so!" **.**

24.     In December 2022, Ms. Chauvin attended Ms. Mihaylova's Flow class and provided feedback. Overall, her comments were very positive, stating "warm welcoming in the classroom," "incorporated nice theme," and "great job spreading your energy in class!" The overall feedback was to continue to sprinkle the theme of class throughout and use more names to inspire.

25.     In May 2023, Ms. Mihaylova's Sculpt class was evaluated and the comments were positive and showed improvements. Overall, "positive, strong energy." The class moved well, transitions quick, great demos and good form and strength.  The reviewer commented that the class improved from the last review in January and that Ms. Mihaylova listened to feedback and implemented changes to her class.

26. In June of 2023, Ms. Mihaylova's Cycle class was evaluated and comments were positive, including "instructing is very smooth, clear and concise", "calm, cool and collected on bike", "confident teaching." The reviewer stated that she "always enjoys your class and hopes to take more before MAT leave."

27. In June 2023, Ms. Chauvin took and reviewed Ms. Mihaylova's Flow class. Her comments were positive and indicated that Ms. Mihaylova has listened to feedback from previous evaluations and incorporated changes. Specifically, Ms. Chauvin noted that Ms. Mihaylova did a great job incorporating her theme throughout the class. She further did a great job addressing the group and hyping them up. She was welcoming, very friendly, and outgoing with her students. The opportunities to grow and improve included making sure class knew they could enter the room when Ms. Mihaylova was ready to begin, taking music down slowly at end to get class's attention, and even though the sequence was creative, work on planning out the sequences so they are smooth and safe.

28. On June 12, 2023, Ms. Iwanicki emailed Ms. Mihaylova and inquired about her maternity leave. Ms. Mihaylova said she would like to teach until August 31, 2023, and return to teaching in November.

29. Ms. Iwanicki responded with the following

*Hi Bili-*

*The standard across the instructing team for maternity leave, especially those teaching fitness/high-intensity formats, has been to step back about 4 weeks out from the due date. I completely understand your desire to teach as far as possible, but I think it's important you take those final weeks to rest and allow your body to prepare for the task of*

*childbirth and all the physical, emotional and mental demands that are to come following the baby's arrival!*

***Therefore, I think we should plan for your last day instructing CYCLE, CORE FUSION FLOW + SCULPT to be Sunday, August 13th. We'll be wrapping up a challenge before our August vacation, so it'll be a very high vibe moment to go out on!***

30.     Ms. Iwanicki went on to cut back on Ms. Mihaylova's classes by taking away her TONE class as of June 25, 2023.

*Re: TONE, I'm realizing I need your last day in that class to be Sunday, June 25 (this sunday) - apologies for the abruptness with this info; I'm a little behind on my planning. The reason being I need Laura to teach on July 2nd so the new girls who are training can take a 60 minute with her and then following that, I need the new girls to actually be on the schedule + teaching so they can receive mentorship from Laura while she's still here as she will also begin her maternity leave in mid-August.*

For your return, let's touch base later in the Fall once you're settled in your new phase of life!

The email finished with this remark:

*One final thought - please make sure you're giving consideration to how hard you're going in your own classes and giving yourself the appropriate modifications at this point in your pregnancy; I say this because I have heard you're still doing the majority of core fusion flow with your class. Of course, I don't know if that's true or what you're sequencing as I'm not there, but I want to make sure you are taking care of yourself, and I want to remind you that as an instructor, you're setting an example for what is/isn't safe*

*for our clients. As I'm sure you know, the vast majority of the research that exists for exercise while pregnant advises against core flexion + twisting past 16 weeks*.

31. Despite the long history of glowing and positive reviews, and the promise that she would be allowed to remain active as an employee through August 13, on August 9, 2023, just a few days before Ms. Mihaylova was to start on her maternity leave, without notice or warning, Ms. Iwanicki terminated her employment.

32. Ms. Iwanicki claimed the termination was based on behavioral and performance issues.

33. These reasons were pretext and false.

34. Ms. Mihaylova has suffered severe emotional distress as a result of this wrongful termination, and lost wages.

35. Ms. Mihaylova has lost no less than $40,000.00 in lost wages as a result of her unlawful termination from TCS.

## COUNT I
### Title VII Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k)

36. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if the same were set forth more fully herein.

37. By terminating Plaintiff one day before she exercised her rights to maternity leave and for other reasons stated herein, TCS violated Federal law under Title VII, Title VII Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k) and its protections for protected employees.

38. Defendant violated Title VII Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k) in the following manner.

39. It removed her from her high performing roles as an instructor without basis, in June 2023.

40. It terminated Plaintiff, one day before her maternity leave, despite her recent positive performance reviews.

41. TCS then terminated her because of her gender and status as a pregnant woman from employment, and thus deprived her of compensation or in terms, conditions or privileges of employment without non-discriminatory basis.

42. As a result of said violations Plaintiff has suffered significant harm and injuries, including massive emotional distress, legal fees and harm as she cares for her newborn child.

## COUNT II
## New Hampshire Law Against Discrimination

43. Plaintiff repeats and realleges the allegations in the preceding paragraphs as if the same were set forth more fully herein.

44. By terminating Plaintiff one day before she exercised her rights to maternity leave and for other reasons stated herein, TCS violated N.H. Rev. Stat. Ann. § 354-A:7, VI(b) and its protections for protected employees.

45. Defendants violated N.H. Rev. Stat. Ann. § 354-A:7, VI(b) and its protections afforded to employees.

46. It removed her from her high performing roles as an instructor without basis, in June 2023.

47. It terminated Plaintiff, one day before her maternity leave, despite her recent positive performance reviews.

48. TCS then terminated her because of her gender and status as a pregnant woman from employment, and thus deprived her of compensation or in terms, conditions or privileges of employment without non-discriminatory basis.

49. As a result of said violations Plaintiff has suffered significant harm and injuries, including massive emotional distress, legal fees and harm as she cares for her newborn child.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby makes a demand for trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands entry of Judgment in his favor on each and all of the foregoing claims, and further respectfully requests that the Court:

1. Award Plaintiff all of her monetary damages (compensatory, statutory, consequential, exemplary, punitive, multiple, liquidated) or equitable relief, and any other available damages, interest, attorney's fees, and expenses;

2. Award Plaintiff her reasonable attorney's fees and costs pursuant to applicable legal, contractual, or equitable authority;

3. Award Plaintiff statutory pre-judgment interest at the maximum amount permitted by law; and

4. Award Plaintiff such other and further relief as the Court may deem just and proper.

BILYANA MIHAYLOVA

By her attorney,

/s/ *Christopher M. Waterman*
Christopher Waterman, BBO# 641190
cwaterman@watermanemploymentlaw.com
Waterman Employment Law Group, LLC
71 Commercial Street, #234
Boston, MA 02109
Telephone: (617) 665-8828

Dated: March 7, 2025